**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John Marshall PAYNE, III, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2002.

Filed April 24, 2002.

Brian R. Sinnett, Asst. Dist. Atty., York, for Commonwealth, appellant.

Frank C. Arcuri, Public Defender, York, for appellee.

BEFORE: LALLY–GREEN, BENDER, and KELLY, JJ.

KELLY, J.

¶ 1 In this appeal we must decide whether Appellee's sentence is illegal under *Commonwealth v. Holz*, 483 Pa. 405, 397 A.2d 407 (1979), where the sentencing court imposed a life sentence on a homicide conviction followed by a two-to-four year sentence on a robbery plea, although Appellee had been charged with the robbery before he was charged with the homicide. We hold the sentencing court lacked jurisdiction to modify its sentence of life followed by two-to-four years, because that sentence as it stood was not illegal. Accordingly, we reverse the trial court's order and remand the case to that court with instructions to reinstate Appellee's prior sentence.

¶ 2 The relevant facts and procedural history of this appeal are as follows. In 1981, Appellee and some confederates burgled the home of an elderly woman. The woman was murdered during the course of the burglary. In 1983, Appellee and two other men broke into the residence of Robert Bear in York, Pennsylvania. The three men bound Mr. Bear to a chair and took various items from his residence.

¶ 3 In 1985, Appellee was arrested and charged with robbery, burglary, theft, receiving stolen property and four counts of conspiracy related to the break-in at Mr. Bear's residence. In 1986, Appellee was charged with second degree murder, burglary, aggravated assault and criminal conspiracy with regard to the burglary of the elderly woman's home.

¶ 4 Although Appellee was first charged with the crimes against Mr. Bear, Appellee agreed to have the matter involving the murder and burglary of the elderly women tried first. On or about August 22, 1986, a jury convicted Appellee of second degree

murder,[1] burglary[2] and criminal conspiracy[3] regarding that case.

¶ 5 Appellee then pled guilty to a single count of robbery[4] with regard to the offenses against Mr. Bear. After accepting Appellee's plea, the court sentenced Appellee on both cases at the same time. Appellee received a life sentence for the second-degree murder of the elderly woman and two consecutive two-to-four year sentences for the burglary and criminal conspiracy convictions. Appellee also received a two-to-four year sentence for the robbery of Mr. Bear that was to run concurrent to the sentences for burglary and criminal conspiracy, but consecutive to the life sentence for second-degree murder.

¶ 6 Appellee filed a motion to modify his sentence, which the trial court denied on April 13, 1987. Appellee then filed an appeal with this Court in the case involving the murder and burglary of the elderly woman. On appeal, Appellee argued the verdict was not supported by sufficient evidence and that evidence of past criminal conduct was erroneously admitted at trial. After review, this Court affirmed Appellee's judgment of sentence for the crimes against the elderly woman on February 29, 1988.

¶ 7 On June 7, 1991, Appellee filed a *pro se* PCRA petition in the case involving the crimes against the elderly woman. After the PCRA court denied Appellee relief, Appellee filed an appeal with this Court. On appeal, this Court concluded Appellee's conviction for conspiracy must be reversed, because the statute of limitations on that crime had run before the Commonwealth charged Appellee. This Court also concluded Appellee's sentence for burglary must be vacated, because that crime merged with the felony murder conviction for sentencing purposes. Finally, this Court vacated Appellee's sentence on the robbery conviction and remanded for a new sentence on that conviction, because the sentencing scheme had been disturbed. This Court noted that upon remand, the sentencing court could impose a sentence on the robbery consecutive to the remaining sentence on the homicide conviction, as those two crimes were unrelated. Accordingly, on April 30, 1993, this Court reversed Appellee's sentences for burglary, conspiracy and robbery and remanded the case. Upon remand, the sentencing court vacated those sentences and re-sentenced Appellee to two-to-four years on the robbery conviction to run consecutive to Appellee's life sentence on the second-degree murder conviction.

¶ 8 On January 13, 1997, Appellee sent a PCRA petition for filing in the case regarding the break-in at Mr. Bear's residence. Although Appellee's petition was filed more than one year after he was re-sentenced, the petition was sent from Appellee's prison cell just days before the 1995 amendments to the PCRA's timeliness provisions became effective. *See* 42 Pa.C.S.A. § 9545 (effective January 16, 1996). As this was Appellee's first PCRA petition in the case involving the crimes against Mr. Bear, all parties agreed Appellee's petition was timely. *See Commonwealth v. Fenati,* 561 Pa. 106, 748 A.2d 205 (2000) (allowing petitioner whose judgment of sentence became final before effective date of 1995 amendments until January 16, 1997 to file first PCRA petition).

¶ 9 The court appointed PCRA counsel and counsel filed an amended petition on June 25, 1998. The PCRA court denied

1. 18 Pa.C.S.A. § 2502.

2. 18 Pa.C.S.A. § 3502.

3. 18 Pa.C.S.A. § 903.

4. 18 Pa.C.S.A. § 3701.

Appellee's petition the next day. Counsel filed a timely notice of appeal. The PCRA court permitted counsel to withdraw on September 1, 1998. On appeal, this Court vacated the PCRA court's dismissal of Appellee's petition, because the PCRA court had not given Appellee proper notice of its intent to dismiss the petition as required by Pa.R.Crim.P 907 (formerly 1507(a)). New counsel was appointed to represent Appellee on August 23, 1999. The PCRA court scheduled a hearing on Appellee's petition for June 21, 2000.

■ ¶ 10 At the hearing Appellee argued his sentence on the robbery conviction should have been imposed first, followed by the life sentence on the homicide conviction. Appellee noted that if the life sentence were imposed first, then there would be a detainer that prevents him from qualifying for certain prison employment, preferred housing status, and access to educational programs. However, if Appellee's robbery sentence were imposed first, then the detainer would be lifted and Appellee could receive some prison "perks" while serving his life sentence. The Commonwealth objected to this "correction of sentence" argument, and the PCRA court ordered Appellee to submit a written motion.[5] Thereafter, Appellee filed a Motion to Correct Illegal Sentence.

¶ 11 On June 20, 2001, the PCRA court granted Appellee's motion. The court vacated Appellee's sentences finding they were illegal under *Holz, supra*. The court re-sentenced Appellee to two to four years on the robbery charge, **followed** by a consecutive life sentence on the homicide charge. On July 17, 2001, the Common-

wealth filed this timely appeal. Appellee has not filed an appellate brief.

¶ 12 The Commonwealth raises the following issue on appeal:

WHETHER THE [PCRA] COURT LACKED JURISDICTION UNDER THE POST–CONVICTION COLLATERAL RELIEF ACT TO RE–SENTENCE APPELLEE WHERE APPELLEE FAILED TO DEMONSTRATE THAT THE PREVIOUS SENTENCE IMPOSED WAS AN ILLEGAL SENTENCE?

(Commonwealth's Brief at 4).

■ ¶ 13 "Our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) *(en banc), appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997); *Commonwealth v. Gaskins*, 692 A.2d 224, 226 (Pa.Super.1997). We grant great deference to the findings of the PCRA court and will not disturb findings that are supported by the record. *Yager, supra; Gaskins, supra.*

¶ 14 The Commonwealth contends the trial court erroneously relied on *Holz, supra*, to find Appellee's sentence was illegally imposed. The Commonwealth maintains *Holz* is inapposite to the facts of the instant case. Therefore, the Commonwealth argues the trial court lacked jurisdiction to modify Appellee's sentence. The Commonwealth concludes Appellee's present sentence should be vacated and his previous sentence reinstated. We agree.

---

**5.** We note the PCRA court's order to file a collateral motion to correct the allegedly illegal sentence was an unnecessary and improper procedure. *See generally Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) (stating PCRA is sole means of relief in all claims for which a remedy exists under the

PCRA). As an illegal sentence can be addressed within the aegis of a PCRA petition, the PCRA court could have ordered Appellee to file an amended PCRA petition. *Id.* We treat Appellee's Motion to Correct Illegal Sentence as an amended petition. *Id.*

¶ 15 In *Holz, supra,* the defendant was found guilty by a jury of numerous offenses surrounding his rape and robbery of a couple at gun-point. After post-verdict motions were denied, the trial court sentenced Holz to two concurrent ten-to-twenty year sentences and two concurrent two-and-one-half-to-five year sentences. These sentences were to run consecutively to a probation violation sentence, which Holz was then serving, and consecutively to a sentence in a homicide case in Philadelphia in which Holz was found guilty, **but had not yet been sentenced.**

¶ 16 After an unsuccessful appeal in the homicide case, Holz appealed his judgment of sentence in the rape and robbery case. This Court affirmed that judgment of sentence as well. Appellee filed a subsequent petition for allowance of appeal, which our Supreme Court granted. The Supreme Court concluded that Appellee's sentences on the charges related to the rape and *robbery were illegal, because they were to run consecutive to a sentence that had not yet been imposed.* The Court reasoned, "If there is no prior sentence, there is nothing for the instant sentence to run concurrent with or consecutive to." *Holz, supra* at 408, 397 A.2d at 408.

¶ 17 In the instant case, when the PCRA court applied *Holz, supra* to Appellee's sentence, the court found "it was error for [the] court to impose a consecutive sentence which followed a life sentence where the robbery conviction occurred first and the second conviction for homicide was unrelated to the robbery conviction." (Trial Court Opinion, dated June 20, 2001, at 3.). This language itself is confusing

where Appellee was actually convicted on the homicide charge **before** he pled guilty to the robbery charge, and where the homicide of the elderly woman occurred more than one year **before** the robbery of Mr. Bear. We conclude the PCRA court is referring to the fact that Appellee was arrested and charged with the robbery of Mr. Bear (later crime) before he was charged with the homicide against the elderly woman (earlier crime). The trial court re-sentenced Appellee to a two-to-four year sentence on the robbery conviction, to be followed by a life sentence for the second-degree murder.

¶ 18 The trial court's reliance on *Holz* suggests that our Supreme Court has mandated that sentences on unrelated cases **must** be imposed in the order the defendant was charged with the crimes. In other words, the trial court determined its sentence was illegal, because it imposed a life sentence for the homicide conviction **followed** by a two-to-four year sentence for the robbery conviction, even though Appellee was arrested and charged with robbery **before** he was charged with homicide. *Holz,* however, does not necessarily require the order of sentences to be based upon the dates the charges were brought, the dates of the convictions, or the dates on which the underlying criminal conduct occurred. *Holz* merely requires sentencing courts to refrain from imposing a sentence consecutive to another sentence that does not yet exist. *Holz* has no application to the instant case, where Appellee was sentenced to both crimes **at the same time.**[6]

¶ 19 Moreover, the criminal conduct underlying Appellee's homicide conviction

---

6. We further note this Court in 1993 suggested that upon remand the sentencing court could re-sentence Appellee on the robbery conviction **consecutive to** the life sentence for the homicide conviction. That is exactly what the sentencing court did on remand in 1994.

Upon remand, there is no doubt that the life sentence existed and was imposed prior to the imposition of a consecutive sentence for robbery. This sentencing scheme was in complete accord with *Holz, supra* and should not have been disturbed.

and life sentence occurred **before** the acts that led to Appellee's robbery conviction. Although Appellee was first charged with the crimes related to the robbery conviction, Appellee agreed to have his trial on the homicide conviction resolved **before** the robbery matter. The order of the sentences was within the trial court's discretion, where the sentences were imposed at the same time. *See id.* Thus, Appellee's sentence of life for the homicide conviction followed by a two-to-four year sentence on the robbery conviction was not illegal.

¶ 20 Based upon the foregoing, we hold the trial court lacked jurisdiction to modify Appellee's sentence, because the sentence as it stood was not illegal. Accordingly, we vacate the order modifying Appellant's sentence, and remand to the PCRA court to reinstate Appellee's 1994 sentence of life on the homicide conviction followed by two-to-four years on the robbery conviction.

¶ 21 Order vacated; sentence reinstated.