J-S59023-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PERRY TILLMAN, | : | |
| | : | |
| Appellant | : | No. 269 WDA 2015 |

Appeal from the PCRA Order February 2, 2015,
Court of Common Pleas, Cambria County,
Criminal Division at No(s): CP-11-CR-0000462-2014,
CP-11-CR-0000464-2014 and CP-11-CR-0000466-2014

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED SEPTEMBER 24, 2015**

Appellant, Perry Tillman ("Tillman"), appeals from the order entered on February 2, 2015 by the Court of Common Pleas of Cambria County, Criminal Division, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   For the reasons that follow, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> … On July 31, 2014, Tillman, represented by attorney Michael Walther (Walther), entered the following guilty pleas:  at 0462-2014 to one count of [p]ossession with [i]ntent to [d]eliver a [c]ontrolled [s]ubstance ([h]eroin) – second or subsequent offense; at 0464-2014 to one count of [s]imple [p]ossession – second or subsequent offense; and at 0466-2014 to one count of [p]ossession with [i]ntent to [d]eliver a [c]ontrolled [s]ubstance ([c]ocaine) –

*Former Justice specially assigned to the Superior Court.

second or subsequent offense.[1]  As part of his plea agreement[,] the Commonwealth would *nol pros* the remaining charges thirty-one (31) days after sentencing.  The only agreement as to [the] sentence was that the Commonwealth would recommend a minimum within the standard range of twenty-one (21) to twenty-seven (27) months and there was no agreement as to any other matter.

Tillman was sentenced on August 25, 2014 as follows:

> 1)  At docket 0462-2014 Count 1 pay the costs of prosecution and to serve a period of incarceration of twenty-one (21) to two hundred and forty (240) months.
>
> 2)  At docket 0464-2014 Count 2 pay the costs of prosecution and to serve a period of incarceration of twelve (12) to twenty-four (24) months concurrent with the sentence at 0462-2014.
>
> 3)  At docket 0466-2014 Count 1 pay the costs of prosecution and to serve a period of incarceration of twelve (12) to twenty-four (24) months concurrent with the sentence at docket 0462-2014.

On August 28, 2014, Tillman filed a [m]otion to [w]ithdraw [g]uilty [p]lea asserting, inter alia, that the sentence on case 0462-2014 was illegal as it exceeded the statutory maximum.  A hearing on the [m]otion was held October 2, 2014[,] at which time the [c]ourt acknowledged the error as to case 0462 and corrected the sentence to be twenty-one (21) to one hundred and eighty (180) months.  The [m]otion was denied as to all other matters.  No appeal was taken from this order or from the sentencing.

---

[1]  35 P.S. §§ 780-115, 780-113(a)(30) and (16).

On December 15, 2014, Tillman filed a pro se [PCRA petition], attorney Timothy Burns (Burns) was appointed as counsel and a hearing on the petition was held on February 2, 2015, and the petition was denied by an [o]rder that same day.

Tillman filed a timely [n]otice of [a]ppeal and [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal [] pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

PCRA Court Opinion, 4/9/15, at 1-2 (record citations omitted).

On appeal, Tillman raises the following issues for our review:

1. The [PCRA court] erred in not correcting [Tillman]'s sentence to reflect the sentence he believed he was entering into per his plea as well as under the advice of counsel ([Tillman] believed the sentence to be [twenty-one] to [twenty-seven] months [of incarceration]).

2. The [PCRA court] erred in finding that it did comply with Pa.R.Crim.P. 704 (by properly explaining the reasons for [Tillman]'s sentence on the record). [Tillman] submits that the [c]ourt did not fully explain its reasons on the record for his sentence per Pa.R.Crim.P. 704.

Tillman's Brief at 3.

As stated above, the first issue Tillman raises in the statement of questions involved section of his appellate brief asserts that the PCRA court erred by not correcting his sentence to reflect the sentence he believed he agreed to in his plea agreement, a sentence of twenty-one to twenty-seven months of incarceration. *Id.* Our review of Tillman's brief reveals that he did not include any argument on appeal in support of this claim. For an

issue to be reviewable on appeal, the appellant must include a properly developed argument in support of the issue in the argument section of his or her appellate brief. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); **Bolick v. Commonwealth**, 69 A.3d 1267, 1269 (Pa. Super. 2013) (finding an issue raised on appeal waived because the appellant failed to present any argument), *appeal denied*, 84 A.3d 1061 (Pa. 2014). As Tillman has provided no argument whatsoever on this issue, we conclude that he waived review of the claim.[2]

Rather, in the argument section of his appellate brief of his issue, Tillman sets forth an ineffective assistance of counsel claim. **See** Tillman's Brief at 7-13. Specifically, Tillman argues that the PCRA court erred in dismissing his PCRA petition because his plea counsel did not properly advise

---

[2]  For purposes of completeness, we observe that even if Tillman had not waived this issue on appeal, it would not entitle him to relief because it is not a cognizable claim under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2). This Court has held that a PCRA court lacks the jurisdiction to modify a defendant's sentence where "the sentence as it stood was not illegal." **Commonwealth v. Payne**, 797 A.2d 1000, 1005 (Pa. Super. 2002). Here, Tillman's sentence was not greater than the lawful maximum. As stated hereinabove, the trial court modified Tillman's sentence from 21 months to 240 months of incarceration to 21 months to 180 months of incarceration because 240 months was greater the lawful maximum, and therefore illegal. Accordingly, Tillman's request to modify his sentence to be in accordance with his plea agreement is not a cognizable claim under the PCRA as the PCRA court did not have jurisdiction to modify his sentence.

him of his potential sentence prior to pleading guilty and that consequently, his guilty plea was not knowing, voluntary, and intelligent. *Id.* Tillman asserts that counsel promised him that his sentence would only be 21 to 27 months of incarceration and not the 21 to 180 months of incarceration he ultimately received. *See id.* On this basis, Tillman asks us to permit him to withdraw his guilty plea. *Id.* at 13.

We conclude that Tillman has not preserved this issue for appellate review. Generally, there are several layers of preservation required for an issue in a criminal case to be subject to appellate review. The issue must be raised before the trial court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). If the trial court issues an order requiring the filing of a 1925(b) statement, any issue to be raised on appeal must be specifically included therein. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). The issue must also be included in the statement of questions involved section of the appellate brief. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Finally, the appellant must include argument regarding the issue, complete with citation to relevant authority, in the argument section of his or her appellate brief. *See Johnson*, 985 A.2d at 924. Here, Tillman did not raise this issue in his PCRA petition, his

Rule 1925(b) statement, or the statement of questions involved section of his appellate brief. Accordingly, Tillman has not preserved the issue for our review.

Even if Tillman had properly preserved this issue for review, it still would not entitle him to any relief.[3] The certified record reflects that at his guilty plea hearing, Tillman expressed confusion over the sentence that he was agreeing to in his plea agreement, which caused the trial court to explain to Tillman the sentencing laws of Pennsylvania and the sentence to which he was agreeing. N.T., 7/31/14, at 3-5. The trial court specifically told Tillman that he was only agreeing to the range of twenty-one to twenty-seven months as the minimum end of his sentence and that the trial court was free to the determine the maximum end of his sentence, so long as it was at least double the minimum end. *See id.* Following that explanation, Tillman stated that he was no longer confused and wished to proceed in

_____

[3] In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." ***Id.*** (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

pleading guilty. ***See id.*** at 5, 7. The certified record also reflects that Tillman's plea counsel provided the same explanation to Tillman prior to Tillman pleading guilty. ***See*** N.T., 2/2/15, at 19, 24. Accordingly, Tillman's argument is meritless.

For his second issue on appeal, Tillman challenges the discretionary aspects of his sentence. ***See*** Tillman's Brief at 13-15. Tillman complains that the trial court did not state sufficient reasons on the record for giving him such an unduly harsh sentence. ***See id.*** We conclude that this issue does not entitle Tillman to relief, as it is not a cognizable claim under the PCRA.

Section 9543(a)(2) provides as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> \* \* \*
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> >
> > (ii) Ineffective assistance of counsel which, in the circumstances of the

particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2). Additionally, this Court has held that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007). Accordingly, Tillman's challenge to the discretionary aspects of his sentence fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015