397 A.2d 407

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Lawrence C. HOLZ, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 17, 1978.

Decided Jan. 24, 1979.

George Gershenfeld, Philadelphia, for appellant.

Eric J. Cox, Asst. Dist. Atty., John T. Salvucci, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Lawrence C. Holz, was found guilty by a Montgomery County jury of robbery, theft of movable property, rape, involuntary deviate sexual intercourse, assault, possession of a weapon with intent to employ it criminally, felonious restraint, recklessly endangering another person,

terroristic threats and criminal conspiracy. All of these convictions were based upon testimony that he and a co-defendant had entered the back door of an automobile driven by a young couple and had robbed them, and then forced the woman into the back seat at gun point, where she was raped and compelled to take part in involuntary deviate sexual intercourse.

Post-verdict motions were denied, and appellant was sentenced to two concurrent ten-to-twenty year prison sentences and two concurrent two-and-one-half to five year prison sentences, with the sentences to run consecutively to a Montgomery County probation violation sentence which appellant was then serving, and consecutively to a sentence in a homicide case in Philadelphia County in which appellant had been found guilty, but had not yet been sentenced. (Post-verdict motions were then pending.) Appellant was thereafter sentenced in the Philadelphia case, an appeal from the Philadelphia County judgment of sentence was filed with our Court, and the judgment of sentence was affirmed. *Commonwealth v. Holz*, 474 Pa. 349, 378 A.2d 828 (1977).

Appellant appealed the instant conviction to the Superior Court, which affirmed the judgment of sentence. *Commonwealth v. Holz*, 245 Pa.Super.Ct. 376, 369 A.2d 452 (1976). (Judge Spaeth filed a concurring and dissenting opinion in which Judge Jacobs and Judge Hoffman joined). We granted appellant's petition for allowance of appeal and this appeal followed.

■ Appellant raises only one issue on this appeal. Appellant argues here, as he did in his post-verdict motions and before the Superior Court, that the trial court erred when it sentenced him to serve a term of imprisonment to run consecutively with a judgment of sentence which had not yet been imposed. We agree.

Rule 1406(a) of our Rules of Criminal Procedure provides in part that,

"(a) . . . whenever a sentence is imposed on a defendant who is incarcerated for another offense, *such*

*sentences* shall be deemed to run concurrently unless the judge states otherwise." (Emphasis added.)

■ We believe that the majority in the Superior Court erred when it concluded that the phrase "incarcerated for another offense" in 1406(a) applies to a situation where a defendant is incarcerated awaiting sentence.

■ The rule's use of the plural—"such sentences . . " presupposes the existence of a prior sentence when a present sentence is imposed on a defendant " . . . incarcerated for another offense." If there is no prior sentence, there is nothing for the instant sentence to run concurrent with or consecutive to.

The prosecution argues that the yet to be imposed sentence on appellant's Philadelphia County homicide conviction was known because it was a mandatory life sentence. Even though a judge may know what sentence is yet to be imposed, Pa.R.Cr.P. 1406(a)'s sentencing authority must be interpreted in the same manner for all cases, including those in which the sentence yet to be imposed is not mandatory. To interpret the Rule as urged by the prosecution would sanction an unreasonable use of a trial judge's discretionary sentencing authority. By sentencing in such a manner, the trial judge will often be acting without knowledge of what sentence will be imposed on the other charges. Such lack of knowledge should not be the basis of the determination as to the length of a term of imprisonment which a convicted defendant must undergo.

For these reasons we modify the judgment of sentence and strike from it that portion ordering appellant's sentence to run consecutive to the sentence yet to be imposed in Philadelphia County. As modified, the judgment of sentence is affirmed.

ROBERTS and POMEROY, JJ., did not participate in the consideration or decision of this case.

O'BRIEN, J., did not participate in the decision of this case.