J-A21001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZACHARY BLAIR, | |
| Appellant | No. 768 WDA 2016 |

Appeal from the Judgment of Sentence Entered April 28, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000922-2015

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 07, 2017**

Appellant, Zachary Blair, appeals from the judgment of sentence of two years' probation, imposed following his guilty plea to simple assault, 18 Pa.C.S. § 2701.  Appellant contends the sentence is illegal because the trial court directed that it run consecutively to a sentence which had yet to be imposed.  After careful review, we vacate Appellant's sentence and remand for resentencing.

The facts underlying Appellant's conviction are not germane to this appeal.  Appellant

> pled guilty to simple assault on December 16, 2015 and at that time he was facing unrelated homicide charges at a different case number.  [Appellant] requested that his sentencing be delayed because of a concern that the Commonwealth … would seek the death penalty in the homicide case and there was a concern as to how the simple assault case would affect the death penalty case.  The Commonwealth … eventually opted not to seek the death penalty in the homicide case.  On April 28, 2016,

this [c]ourt sentenced [Appellant]. [Appellant] had not yet been sentenced on the homicide case. This [c]ourt sentenced [Appellant] to a term of two years' probation upon his release from custody on the homicide case.

Trial Court Opinion (TCO), 1/19/17, at 1.

Appellant did not file any post-sentence motions. He filed a timely, court-ordered Pa.R.A.P. 1925(b) statement on June 22, 2016. On June 23, 2016, at CP-02-CR-0015391-2013, the trial court sentenced Appellant to a term of 15-30 years' incarceration for third-degree murder, pursuant to a negotiated guilty plea. The trial court issued its Rule 1925(a) opinion in the instant case on January 19, 2017.

Appellant now presents the following question for our review:

Whether a sentence of two years['] probation for simple assault with an effective date in the unknown future when Appellant leaves incarceration is illegal because it essentially is running consecutive to a sentence that has not been previously imposed and/or runs consecutive to pretrial incarceration, which would result in Appellant serving a sentence of probation longer than the statutory maximum?

Appellant's Brief at 5.

Appellant's illegal sentencing claim is two-fold. He first claims his sentence is illegal because it was issued to run consecutively to a then non-existent sentence. Second, he asserts that the sentence was illegal because it exceeded, or could potentially exceed, the statutory maximum penalty for the offense. Because we agree that Appellant's sentence is illegal pursuant to his first argument, we need not address his second.

[A] challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*. ***Commonwealth***

*v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted).

\*\*\*

"A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

*Commonwealth v. Wolfe*, 106 A.3d 800, 801–02 (Pa. Super. 2014), *aff'd*, 140 A.3d 651 (Pa. 2016).

At issue is the trial court's order imposing on Appellant a term of two years' probation, "effective upon [his] release from custody." Sentencing Order, 4/28/16, at 1 (single page). Appellant contends that the trial court essentially sentenced him to a term of probation consecutive to whatever sentence would be imposed at CP-02-CR-0015391-2013. At the time of sentencing in this matter, Appellant had not yet been sentenced at CP-02-CR-0015391-2013. The trial court states that the sentence imposed was not consecutive to any future sentence, but "was to begin upon his release from custody, whether by [Appellant]'s making bail during the pendency of the homicide case, a dismissal of the homicide case or an acquittal of the homicide charges, or the completion of any sentence issued relative to the homicide case." TCO at 2.

The trial court asserts no justification by statute or case law for such a sentence. Clearly, the beginning date of Appellant's term of probation was indeterminate at the time of sentencing, and was largely dependent on the resulting sentence, if any, of the pending homicide case at CP-02-CR-0015391-2013. If and/or when Appellant was sentenced at CP-02-CR-0015391-2013, his sentence of probation in the instant case would constitute a *consecutive* term of probation to that sentence. We do not accept the trial court's semantical argument that a sentence commencing upon a defendant's *release from custody* is substantially different from a consecutive sentence. Furthermore, neither the trial court nor the Commonwealth asserts any statutory authority or other basis in case law for a sentence imposed in such a manner.[1]

"When imposing a sentence of imprisonment, the judge shall state the date the sentence is to commence." Pa.R.Crim.P. 705(A). However,

> When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.

---

[1] We do not say this to disparage the trial court in any way. Indeed, the trial court appears to have intended to craft a sentence out of practical concerns, which balanced Appellant's right to be sentenced in a timely manner against the Commonwealth's interest in having a meaningful punishment imposed. However, we simply cannot countenance an illegal sentence, even if it was issued with the best of intentions.

Pa.R.Crim.P. 705(B).

From these rules, we ascertain three distinct possibilities regarding the timing of a new sentence. First, the trial court may impose a sentence beginning on a date certain. *See* Pa.R.Crim.P. 705(A). Second, the court may impose a sentence to run *concurrently* to a previously-existing sentence. *See* Pa.R.Crim.P. 705(A). Third, a court may impose a sentence to run *consecutively* to a previously-existing sentence. *Id.* There are no provisions for the imposition of sentences set to run concurrently or consecutively to non-existent sentences, nor are there any provisions permitting the imposition of a sentence *upon release from custody.* Accordingly, we are compelled to vacate Appellant's judgment of sentence and remand for resentencing.[2]

_____

[2] Appellant argues that this Court should simply vacate the consecutive aspect of Appellant's sentence, thereby setting the beginning date for that sentence on April 28, 2016, citing **Commonwealth v. Holz**, 397 A.2d 407 (Pa. 1979). In **Holz**, consistent with our disposition here, our Supreme Court determined that one portion of an aggregate sentence was illegal because it was set to run consecutively to a sentence in a wholly different case that had not yet been imposed. In granting relief, the Supreme Court vacated only the portion of the sentence which was illegal, thereby rendering it concurrent to the non-illegal portions of the aggregate sentence, rather than remanding to the trial court for resentencing. **Id.** at 408. The **Holz** Court offered no reason why it had not instead remanded for resentencing.

Instantly, there is no aggregate sentence at issue, only a single term of probation. As such, and given the **Holz** Court's lack of reasoning for the form of relief granted, we find that that decision is not controlling. Moreover, "[t]his Court has the authority to correct an illegal sentence directly rather than to remand the case for re-sentencing *so long as we do not disrupt the trial court's sentencing scheme in doing so.*"
*(Footnote Continued Next Page)*

Judgment of sentence ***vacated***.   Case ***remanded*** for resentencing. Jurisdiction ***relinquished***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/7/2017</u>

---

*(Footnote Continued)* ────────────

***Commonwealth v. Melvin***, 103 A.3d 1, 56 (Pa. Super. 2014) (emphasis added).  It is patently clear from the trial court's opinion that it did not intend to issue a sentence which would commence on the date of the sentencing order, April 28, 2016.  Accordingly, this Court believes that the trial court's sentencing scheme has been disrupted and, therefore, resentencing is appropriate in these circumstances.