J-S65009-17 & J-S65010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND STRAUSS | |
| Appellant | No. 559 EDA 2017 |

Appeal from the PCRA Order December 28, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001880-2014
CP-39-CR-0005090-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND STRAUSS | |
| Appellant | No. 790 EDA 2017 |

Appeal from the PCRA Order January 31, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002225-2016

BEFORE: OLSON, J., OTT, J. and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED JANUARY 08, 2018**

Appellant, Raymond Strauss, appeals *pro se* from the orders entered on

December 28, 2016 and January 31, 2017, dismissing two, inter-related Post

Conviction Relief Act[1] (PCRA) petitions that were pending before two separate judges of the Court of Common Pleas of Lehigh County.[2]  Upon review, we affirm both orders.

We briefly summarize the facts and procedural history of both cases as follows.  On July 14, 2016, at 790 EDA 2017, Appellant pled guilty to retail theft, 18 Pa.C.S.A. § 3929(a)(1), before the Honorable Maria L. Dantos (Judge Dantos).  "The plea agreement entailed that the Commonwealth would cap [Appellant's] minimum sentence at the midpoint of the standard range [of the sentencing guidelines], to wit, five (5) months."  Judge Dantos' Opinion, 1/31/2017, at 1 (record citation omitted).  As a result, Appellant "was sentenced to a term of imprisonment of not less than four (4) months nor more than twelve (12) months in Lehigh County Jail, followed by one (1) year of probation." *Id.* at 2.

At the time of the plea, Appellant was on parole/probation for unrelated offenses at 559 EDA 2017.  As a result of his guilty plea before Judge Dantos, Appellant appeared before the Honorable Kelly J. Banach (Judge Banach) for a revocation of parole/probation hearing on July 25, 2016.  Because of Appellant's new retail theft conviction, Judge Banach revoked Appellant's

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2]  On appeal, our Prothonotary listed the cases consecutively on this Court's docket and assigned them to the same panel.  For purposes of judicial economy and ease of administration, we will address both appeals in a single memorandum.

parole/probation, imposed a new sentence for the revocation of his probation, and ordered him to serve the balance of his underlying sentence for his parole revocation.[3]  Appellant's revocation sentences were imposed consecutive to the sentence imposed by Judge Dantos.

Appellant filed *pro se*[4] PCRA petitions at both docket numbers, challenging the tandem sentences as illegal and the result of ineffective assistance of counsel.  More specifically, Appellant's overarching issue on appeal is that counsel, in both cases, were ineffective because they promised Appellant that his guilty plea and revocation sentences would be imposed concurrently to each other.  As a result, Appellant currently argues that the consecutive aggregation of his two sentences resulted in his imprisonment in a state correctional facility, despite assurances that he would be incarcerated in county prison.

---

[3] We will not delineate the duration of these punishments, as those details are not pertinent to our analysis.

[4]  Upon review of the record, both PCRA judges appointed PCRA counsel for Appellant.  Both PCRA attorneys filed amended PCRA petitions on Appellant's behalf and subsequently filed no-merit letters pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  In each case, the PCRA court granted PCRA counsels' requests to withdraw and Appellant elected to proceed *pro se* in both matters.  Judge Dantos held an evidentiary hearing on Appellant's amended PCRA petition on January 31, 2017 and denied relief by opinion and order entered on the same date.  On December 5, 2016, Judge Banach entered an order permitting appointed PCRA counsel to withdraw and giving Appellant requisite notice, pursuant to Pa.R.Crim.P. 907, that she intended to dismiss Appellant's PCRA petition without an evidentiary hearing.  Appellant responded.  On January 31, 2017, Judge Banach dismissed Appellant's PCRA petition by order and opinion.  These timely *pro se* appeals resulted.

Initially, we note that in both cases, Appellant has failed to follow Pa.R.A.P. 2111 regarding the contents of his briefs. In particular, Appellant fails to set forth a statement of questions involved as required under Pa.R.A.P. 2116. However, because we can discern the crux of Appellant's issues from other portions of his briefs, we will overlook these briefing deficiencies. *See Commonwealth v. Stradley*, 50 A.3d 769, 771 n.2 (Pa. Super. 2012) (declining to find waiver on basis of Rule 2116 violation where issue raised in other section of brief and defect did not impede this Court's ability to address merits).

With regard to Appellant's guilty plea at 790 EDA 2017, we summarize Appellant's appellate claims. Initially, Appellant contends that PCRA counsel rendered ineffective assistance of counsel during the collateral proceedings. Appellant's Brief at 1-2.

"[A]bsent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." *Commonwealth v. Smith*, 121 A.3d 1049, 1054 (Pa. Super. 2015). Appellant did not raise PCRA counsel's ineffectiveness before the PCRA court prior to filing his notice of appeal. Thus, we may not consider this aspect of his claim. Appellant next contends that the Commonwealth improperly graded the retail theft offense at issue as a second-degree misdemeanor

(instead of a summary offense) prior to his guilty plea.[5] *Id.* at 2. More specifically, Appellant argues that the retail theft at issue qualified as a summary offense under the Crimes Code because he had no prior convictions for retail theft and the amount of the merchandise at issue was under the statutory threshold. *Id.* As such, Appellant contends that plea counsel was ineffective because his negotiated sentence resulted in improper enhancement. *Id.* Further, Appellant argues that the plea court induced him to plead guilty by failing to mention that his sentence would be consecutive to any subsequent sentence he received. *Id.* at 3-4.

_____

[5] Retail theft is graded as follows:

(1)   Retail theft constitutes a:

(i)      Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

(ii)     Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

(iii)    Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

(iv)    Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

(v)     Felony of the third degree when the amount involved exceeds $1,000 or if the merchandise involved is a firearm or a motor vehicle.

18 Pa.C.S.A. § 3929(b)(1).

Our standard of review is as follows:

As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S.A. § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.* § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. *Id.* § 9543(a)(4).

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty. We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea. A defendant is bound by the statements which he makes during his plea colloquy. As such, a

- 6 -

defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280–1281 (Pa. Super. 2017)

(internal quotations, case citations, and brackets omitted).

Moreover,

[i]n order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that *the defendant understood what the plea connoted and its consequences*. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Hart*, 2017 WL 5246752, at *7 (Pa. Super. 2017)

(citation omitted) (emphasis in original).[6]

Finally, we have previously determined that "a claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." *Commonwealth v. Graeff*, 13 A.3d 516, 517 (Pa. Super. 2011) (citation omitted).

A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory authorization exists for a particular

---

[6] Additionally, we recognize that in Pennsylvania in order to determine the voluntariness of a guilty plea, the trial court is required to inquire into six areas of questions. *See Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015). Appellant, however, does not challenge the plea court's colloquy in this regard.

> sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated

*Commonwealth v. Wolfe*, 106 A.3d 800, 801–802 (Pa. Super. 2014) (internal citations and quotations omitted).

Upon review of the record, we discern no abuse of discretion or error of law in denying Appellant relief on his PCRA petition pertaining to his guilty plea for retail theft. We observe the following: On May 13, 2016, police filed a criminal complaint alleging an offense of retail theft when they arrested Appellant at the C-Town Market for taking six packages of ground meat totaling $59.34. Criminal Complaint, 5/13/2016, (unpaginated) at *4. The criminal complaint lists the offense as a third-degree felony because "it [was] the defendant's third or subsequent offense regardless of the value of merchandise in violation of Section 3929(a)(1)." *Id.* In the affidavit of probable cause in support of the criminal complaint, the police affiant states, "A criminal history check was done on the defendant which revealed that the defendant was charged with 2 prior retail thefts in the past." Affidavit of Probable Cause to Criminal Complaint, 5/13/2016, (unpaginated) at *7, paragraph 6.

Prior to accepting the guilty plea, the Commonwealth set forth the terms of the agreement between the parties:

> [Appellant] was read his arraignment rights and is entering a guilty plea to retail theft, **a misdemeanor of the second degree**.

His offense gravity score is a two, prior record score is a five. His standard [sentencing guideline] range is one to nine [months].

The agreement at the preliminary hearing was a cap at the midpoint of the standard range, which is five months. And there is no restitution.

N.T., 7/14/2016, at 9-10 (emphasis added).

Before accepting Appellant's guilty plea, the following exchange occurred:

The court: So, as I understand it, now, you're going to plead guilty to the retail theft. **It's graded as a misdemeanor of the second degree**, which means it could carry with it up to two years in jail. But, your agreement here is that your minimum sentence will not go beyond five months. Do you understand?

[Appellant]: Correct.

*Id.* at 10-11.

Additionally, prior to pleading guilty, Appellant signed a written guilty plea colloquy that was incorporated into the certified record. We may consider "a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005). In that colloquy, Appellant acknowledged that trial counsel specified the crime charged against him and explained the elements of that crime before pleading guilty. Guilty Plea Colloquy, 7/14/2016, at 3.

After Judge Dantos accepted Appellant's guilty plea, the case proceeded directly to sentencing, wherein the plea court asked about Appellant's prior criminal history. The Commonwealth responded:

> He has in 1985 three separate cases, **a summary retail theft**, and then a second case is conspiracy to [commit] criminal mischief and theft. And the third case is a theft, attempted theft, receiving stolen property, escape.
>
> He has a 1990 theft and burglary, 1996 theft, a 1996 disorderly conduct, a 2006 burglary, and a 2014 criminal mischief, disorderly conduct.

N.T., 7/14/2016, at 13 (emphasis added). Appellant did not challenge this recitation.

Thus, for all of the foregoing reasons, we reject Appellant's contention that his retail theft charge was improperly graded prior to negotiating his guilty plea. Appellant is bound by the statements he made at the guilty plea hearing. He claimed he understood the charge, a second-degree misdemeanor for retail theft, and the elements of that crime. He also failed to challenge the Commonwealth's alleged mischaracterization of his prior record. The Commonwealth stated that Appellant had a least one prior summary retail theft conviction and Appellant did not object. Under 18 Pa.C.S.A. § 3929(b)(1)(ii), we conclude Appellant's offense was properly graded. This was Appellant's second offense and the merchandise at issue totaled under $150.00. Furthermore, under the PCRA, Appellant has the burden of pleading and proving entitlement to relief. Appellant has not come forward with any documentary evidence to support his claim that he did not

have any prior convictions for retail theft, *i.e.*, by attaching a copy of his criminal record to the PCRA petition.

Finally, we address Appellant's contention that the plea court induced him to plead guilty by failing to mention that his sentence could be consecutive to any subsequent sentence.  Here, the plea court recognized that it was only imposing a single sentence on Appellant and "that there was absolutely no need to address concurrency or consecutiveness of sentences." Judge Dantos' Opinion, 1/31/2017, at 7, *citing* Pa.R.Crim.P. 705(B).

Upon review, we agree.  Rule 705(B) provides:

> When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.

Pa.R.Crim.P. 705(B).  Because Judge Banach had yet to sentence Appellant for the anticipatory violations of his probation/parole, Judge Dantos imposed only a single sentence, had no obligation to designate that sentence as consecutive or concurrent, and lacked authority to pre-emptively order a sentence concurrent to Judge Banach's subsequent sentence.  ***See Commonwealth v. Holz***, 397 A.2d 407, 408 (Pa. 1979).  Additionally, we note that imposition of consecutive sentences is a discretionary aspect of the trial court's sentencing determination and does not implicate the legality of the sentence.  ***See Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014).  Hence, this claim is not cognizable under the PCRA and subject to

- 11 -

waiver.  ***See Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005).

Next, at 559 EDA 2017, Appellant makes the following argument. Appellant claims that Judge Banach unlawfully aggregated his violation of probation/parole sentence by imposing it consecutive to his sentence for retail theft at 790 EDA 2017.  Appellant's Brief at 3-5.  He claims that Judge Banach's sentence "violates the original plea agreements made with the Commonwealth – for those sentences to be served in the Lehigh County Jail." ***Id.***  Appellant further claims that Judge Banach did not apply the sentencing guidelines and failed to place her reasons for his sentence on the record.  ***Id.*** at 4.

We have reviewed the certified record, the parties' briefs, the relevant law, and Judge Banach's orders and opinions entered on December 5, 2016 and December 28, 2016 denying Appellant relief on his current claim.  Judge Banach recognized that the new conviction for retail theft was a violation of Appellant's probation/parole and the original plea deal he had received. Thus, she determined revocation was proper.  Upon revocation of parole, the revocation court may only order a defendant to serve the time still owed on the previous sentence.  Upon revocation of Appellant's probation, Judge Banach was permitted to impose any sentence available at the initial time of sentencing and was not restricted by the original plea agreement.  Moreover, Judge Banach correctly noted that the sentencing guidelines do not apply to revocation sentences.  Upon review of the legal authority cited by the trial

court, we discern no abuse of discretion or error of law and conclude that the PCRA court properly considered Appellant's sentencing claims. Both of Judge Banach's orders and opinions meticulously, thoroughly, and accurately dispose of Appellant's resentencing on the revocation of his probation/parole. Therefore, we affirm this issue on the basis of Judge Banach's opinions and adopt them as our own. Because we have adopted Judge Banach's December 5, 2016 and December 28, 2016, decisions we direct the parties to include the orders and opinions in all future filings relating to our examination of the merits of this appeal, as expressed herein.

Finally, after filing his *pro se* appellate briefs, Appellant filed two subsequent applications for relief with this Court at 790 EDA 2017. The first application, filed on September 8, 2017, requests that we consider an appellate brief filed in a discontinued appeal docketed at 791 EDA 2017. Appellant claims that his brief in that matter more articulately sets forth his argument pertaining to the alleged improper grading of his retail theft conviction. On September 13, 2017, Appellant filed another application for relief with this Court, claiming again that the Commonwealth incorrectly graded his retail theft charge as a second-degree misdemeanor instead of a summary offense. As we were able to discern Appellant's issue and determined he is not entitled to relief, we deny Appellant's applications for relief filed on September 8, 2017 and September 15, 2017.

Applications for relief filed on September 8, 2017 and September 13, 2017 are denied. Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/8/18

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

vs.

RAYMOND STRAUSS,
Petitioner

No.    1880/ 2014
        5090/ 2015

## ORDER

AND NOW, this 5th day of December, 2016,

IT APPEARING that on August 10, 2016, the Petitioner filed a *pro se* Motion for Post-Conviction Collateral Relief;

IT FURTHER APPEARING that on August 17, 2016, Robert Long, Esquire was appointed to represent the Petitioner and was ordered to file an Amended PCRA Petition;

IT FURTHER APPEARING that on September 19, 2016, appointed counsel filed an Amended PCRA Petition wherein he argued that trial counsel was ineffective for failing to object to the Petitioner's illegal sentence under 42 Pa.S.A. §9762 (i);

IT FURTHER APPEARING that on November 21, 2016, appointed counsel filed a Motion to Withdraw as Counsel, which had attached thereto a copy of a "no merit" letter, which had been provided the Petitioner. Within his Motion, appointed counsel indicated that he reviewed various materials, including docket entries, the *pro se* PCRA Petition, the official court file, and numerous letters from the Petitioner. He further indicated that he researched the issues the Petitioner raised in his original *pro se* PCRA Petition (including the issue of illegal sentence under 42 Pa.S.A. §9762 (i) put forth in the Amended PCRA Petition filed on September 19, 2016) and has concluded that the Petitioner's claims raised were without merit;[1]

---

[1]    Attorney Long notes that in his *pro se* PCRA Petition the Petitioner argues that this Court erred when it imposed sentences for the parole violations in cases 1880 of 2014 and 5090 of 2015 consecutively to his newly imposed sentence in case 2225 of 2016. We agree with Attorney Long's analysis that because a parole revocation does not involve the imposition

EXHIBIT A

IT FURTHER APPEARING that the Petitioner's *pro se* PCRA is without merit for the reasons outlined in Attorney Long's "no merit" letter;

IT IS ORDERED that Attorney Robert Long, Esquire, is WITHDRAWN from the instant case;

---

of a new sentence, a court can only determine if the violating defendant ought to serve the back time still owed on the previously imposed original sentence. See *Commonwealth v. Mitchell*, 632 A.2d 934 (Pa.Super. 1993)(referring to *Commonwealth v. Carter*, 485 A.2d 802, 805 n. 2 (Pa.Super. 1984) for the idea that "the order revoking parole does not impose a new sentence; it requires [a parole violator], rather, to serve the balance of a valid sentence previously imposed.") Therefore, it is within the trial court's discretion whether to recommit an offender on a violation of parole.

Further, the Petitioner argues that the aggregation of parole violation sentences is prohibited. 42 Pa.C.S. § 9757 provides that:

> Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

Once the trial court imposes a consecutive sentence, 42 Pa.C.S.A. § 9757 mandates automatic aggregation of sentences. See *Commonwealth v. Evola*, 618 A.2d 969, 971 (Pa.Super. 1992); *Commonwealth v. Harris*, 620 A.2d 1175, 1179 (Pa.Super. 1993).

We also agree with Attorney Long that because the Petitioner pled guilty to Retail Theft, graded as a Misdemeanor of the 2nd degree in case 2225 of 2016, which gave rise to the parole violations in the above captioned matters, his claim under 42 Pa.Con.Stat.Ann. 9762(i) is without merit.

The Petitioner further objects to this Court imposing consecutive sentences by arguing that the original terms of the negotiated plea agreement in case 1880 of 2014 bound the Court to impose county sentences. However, as Attorney Long stated in his "no merit" letter, the Petitioner violated the terms of the plea agreement in the original sentence of probation and parole in case 1880 of 2014. "[T]he court may revoke a defendant's probation if appropriate, [and] [u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." *Commonwealth v. Wallace*, 870 A.2d 838, 842 (Pa. 2005)(citing 42 Pa.C.S. § 9771).

We further find that Attorney Long is correct in his analysis that the Sentencing Guidelines are inapplicable in a revocation of parole or probation case. See *Commonwealth v. Ware*, 737 A.2d 251, 255 (Pa.Super. 1999) (quoting 204 Pa.Code § 303.1(b))("[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations....."). Therefore, the Petitioner's claim under this provision is also without merit.

We also find that the Petitioner's claim that the Court erred in revoking his probation in case 5090 of 2015 while he was still serving his back time on his parole violation in case 1880 of 2014. "If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation." See *Ware* at 253 (internal citations omitted). This claim too is without merit.

Based on this Court's research into case law and statute, and the arguments presented by Attorney Long in his "no merit" letter, we find that the allegations set forth in the Petitioner's *pro se* PCRA Petition are without merit.

**NOTICE IS HEREBY PROVIDED** to all parties pursuant to Pa.R.Crim.Pro §907(1) of the Court's intention to dismiss the *pro se* Post Conviction Collateral Relief without a hearing,[2] unless the Petitioner responds within 20 days from the entry of this order;

**IT IS HEREBY ORDERED** that the Clerk of Judicial Records shall serve the petitioner directly at <u>RAYMOND STRAUSS</u>, Inmate ID # MQ 6549, SCI Frackville, 1111 Altamont Boulevard, Frackville, PA 17931-2699; the Clerk of Judicial Records shall also serve Petitioner's counsel, <u>Robert Long, Esquire</u>, at 1908 W. Allen Street, Allentown, PA 18104.

By the Court:

_____
Kelly L. Bahach,                                    J.

---

[2] There is no absolute right to an evidentiary hearing on a Petition filed pursuant to 42 Pa.Con.Stat.Ann. §9545. "[A] motion of post-conviction relief may be disposed of without an evidentiary hearing if the judge, upon review of the motion, answer, and other matters of record, is satisfied that there are no genuine issues of material fact and that relief is not warranted." *Commonwealth v. Hardcastle*, 701 A.2d 541, 542 (Pa. 1997).

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

vs.

RAYMOND STRAUSS,
     Petitioner

No. 1880/ 2014
     5090/ 2015

## ORDER

AND NOW, this 28th day of December, 2016, upon consideration of the *pro se* Motion for Post-Conviction Collateral Relief (hereinafter "PCRA Petition") filed on August 10, 2016, and the Petitioner's Motion Challenging Counsel's Motion to Withdraw received on December 13, 2016, and Petitioner's Motion Challenging Order to Dismiss, received December 27, 2016;

IT APPEARING that upon review of the foregoing there are no genuine issues of material fact and that relief is not warranted;[1]

IT IS ORDERED that the Petitioner's *pro se* PCRA Petition is without merit and is hereby **DENIED AND DISMISSED** pursuant to Pa.R.Crim.Pro. §907.[2]

The Petitioner is advised that he has the right to appeal this order to the Superior Court of Pennsylvania by filing a Notice of Appeal with the Clerk of

---

[1] The Court has evaluated the arguments and discussion of law encapsulated in *Attorney Robert Long's* Motion to Withdraw and "no merit letter." Our analysis is explained in Footnote 1 of our Order, dated December 5, 2016 and is attached hereto as Exhibit A.

We have also reviewed the Petitioner's *pro se* filings received after our Notice of Intent to Dismiss Order was filed on December 5, 2016 as Responses to the Notice of Intent to Dismiss. The Petitioner's responses merely categorize Attorney Long's positions as to the merit of the *pro se* PCRA as fabricated misrepresentations of the Petitioner's *pro se* arguments in the underlying PCRA Petition and this Court does not find them persuasive. Therefore, we now deny the *pro se* PCRA Petition filed on August 10, 2016.

[2] There is no absolute right to an evidentiary hearing on a Petition filed pursuant to 42 Pa.Con.Stat.Ann. §9545. "[A] motion of post-

EXHIBIT B

1

Courts, Criminal Office of Lehigh County within thirty (30) days of the date of this Order. The Clerk is directed, pursuant to Pa.R.Crim.P. 907(4), to forward a copy of this Order to the Petitioner by Certified Mail, return receipt requested.

By the Court:

_Kelly L. Banach_

Kelly L. Banach, J.

2

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA |
|
vs. |
| No. 1880/2014
| 5090/2015
RAYMOND STRAUSS, |
            Petitioner |

## ORDER

AND NOW, this 5th day of December, 2016,

IT APPEARING that on August 10, 2016, the Petitioner filed a *pro se* Motion for Post-Conviction Collateral Relief;

IT FURTHER APPEARING that on August 17, 2016, Robert Long, Esquire was appointed to represent the Petitioner and was ordered to file an Amended PCRA Petition;

IT FURTHER APPEARING that on September 19, 2016, appointed counsel filed an Amended PCRA Petition wherein he argued that trial counsel was ineffective for *failing to object to* the Petitioner's illegal sentence under 42 Pa.S.A. §9762 (i);

IT FURTHER APPEARING that on November 21, 2016, appointed counsel filed a Motion to Withdraw as Counsel, which had attached thereto a copy of a "no merit" letter, which had been provided the Petitioner. Within his Motion, appointed counsel indicated that he reviewed various materials, including docket entries, the *pro se* PCRA Petition, the official court file, and numerous letters from the Petitioner. He further indicated that he researched the issues the Petitioner raised in his original *pro se* PCRA Petition (including the issue of illegal sentence under 42 Pa.S.A. §9762 (i) put forth in the Amended PCRA Petition filed on September 19, 2016) and has concluded that the Petitioner's claims raised were without merit;[1]

---

[1] Attorney Long notes that in his *pro se* PCRA Petition the Petitioner argues that this Court erred when it imposed sentences for the parole violations in cases 1880 of 2014 and 5090 of 2015 consecutively to his newly imposed sentence in case 2225 of 2016. We agree with Attorney Long's analysis that because a *parole revocation* does not involve the imposition

IT FURTHER APPEARING that the Petitioner's *pro se* PCRA is without merit for the reasons outlined in Attorney Long's "no merit" letter;

IT IS ORDERED that Attorney Robert Long, Esquire, is WITHDRAWN from the instant case;

---

of a new sentence, a court can only determine if the violating defendant ought to serve the back time still owed on the previously imposed original sentence. See *Commonwealth v. Mitchell*, 632 A.2d 934 (Pa.Super. 1993)(referring to *Commonwealth v. Carter*, 485 A.2d 802, 805 n. 2 (Pa.Super. 1984) for the idea that "the order revoking parole does not impose a new sentence; it requires [a parole violator], rather, to serve the balance of a valid sentence previously imposed.") *Therefore, it is within the trial court's discretion whether to recommit an offender on a violation of parole.*

Further, the Petitioner argues that the aggregation of parole violation sentences is prohibited. 42 Pa.C.S. § 9757 provides that:

> Whenever the court determines that a sentence should be served
> consecutively to one being then imposed by the court, or to one
> previously imposed, the court shall indicate the minimum
> sentence to be served for the total of all offenses with respect to
> which sentence is imposed. Such minimum sentence shall not
> exceed one-half of the maximum sentence imposed.

Once the trial court imposes a consecutive sentence, 42 Pa.C.S.A. § 9757 mandates automatic aggregation of sentences. See *Commonwealth v. Evola*, 618 A.2d 969, 971 (Pa.Super. 1992); *Commonwealth v. Harris*, 620 A.2d 1175, 1179 (Pa.Super. 1993).

We also agree with Attorney Long that because the Petitioner pled guilty to Retail Theft, graded as a Misdemeanor of the 2nd degree in case 2225 of 2016, which gave rise to the parole violations in the above captioned matters, his claim under 42 Pa.Con.Stat.Ann. 9762(i) is *without merit.*

The Petitioner further objects to this Court imposing consecutive sentences by arguing that the original terms of the negotiated plea agreement in case 1880 of 2014 bound the Court to impose county sentences. However, as Attorney Long stated in his "no merit" letter, the Petitioner violated the terms of the plea agreement in the original sentence of probation and parole in case 1880 of 2014. "[T]he court may revoke a defendant's probation if appropriate, [and] '[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." *Commonwealth v. Wallace*, 870 A.2d 838, 842 (Pa. 2005)(citing 42 Pa.C.S. § 9771).

We further find that Attorney Long is correct in his analysis that the Sentencing Guidelines are inapplicable in a revocation of parole or probation case. See *Commonwealth v. Ware*, 737 A.2d 251, 255 (Pa.Super. 1999) (quoting 204 Pa.Code § 303.1(b))("[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations...."). Therefore, the Petitioner's claim under this provision is also without merit.

We also find that the Petitioner's claim that the Court erred in revoking his probation in case 5090 of 2015 while he was still serving his back time on his parole violation in case 1880 of 2014. "If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation." See *Ware* at 253 (internal citations omitted). This claim too is without merit.

Based on this Court's research into case law and statute, and the arguments presented by Attorney Long in his "no merit" letter, we find that the allegations set forth in the Petitioner's *pro se* PCRA Petition are without merit.

**NOTICE IS HEREBY PROVIDED** to all parties pursuant to Pa.R.Crim.Pro §907(1) of the Court's intention to dismiss the *pro se* Post Conviction Collateral Relief without a hearing,[2] unless the Petitioner responds within 20 days from the entry of this order;

**IT IS HEREBY ORDERED** that the Clerk of Judicial Records shall serve the petitioner directly at <u>RAYMOND STRAUSS</u>, Inmate ID # MQ 6549, SCI Frackville, 1111 Altamont Boulevard, Frackville, PA 17931-2699; the Clerk of Judicial Records shall also serve Petitioner's counsel, <u>Robert Long, Esquire</u>, at 1908 W. Allen Street, Allentown, PA 18104.

By the Court:

_____    _____
Kelly L. Banach,                                                          J.

---

[2] There is no absolute right to an evidentiary hearing on a Petition filed pursuant to 42 Pa.Con.Stat.Ann. §9545. "[A] motion of post-conviction relief may be disposed of without an evidentiary hearing if the judge, upon review of the motion, answer, and other matters of record, is satisfied that there are no genuine issues of material fact and that relief is not warranted." *Commonwealth v. Hardcastle*, 701 A.2d 541, 542 (Pa. 1997).