J-S16015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE MANUEL REYES | : | |
| | : | |
| Appellant | : | No. 1843 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 24, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002973-2018

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                              **FILED JULY 03, 2019**

Jose Manuel Reyes appeals from the amended judgment of sentence imposed October 24, 2018, in the Berks County Court of Common Pleas.  On October 9, 2018, a jury convicted Reyes of firearms not to be carried without a license.[1]  The trial court sentenced Reyes to a term of three years and six months to seven years' incarceration.  On appeal, Reyes challenges the legality of his sentence.  For the reasons below, we affirm the judgment of sentence.

The underlying facts are not pertinent to this appeal; therefore, we need not recite them herein.  As noted above, a jury convicted Reyes of the firearms

---

[1] **See** 18 Pa.C.S. § 6106(a)(1).

offense.[2]  On October 15, 2018, the court sentenced Reyes to a period of not less than three years and six months nor more than seven years of incarceration to be effective at the expiration of the order imposed on an unrelated matter at Criminal Docket No. 684-2015, Count 2, Part 2 ("Docket No. 684-2015").  On October 23, 2018, Reyes filed post-sentence motions, seeking modification of his sentence and motion for judgment of acquittal challenging the sufficiency and weight of the evidence.  On October 24, 2018, the court granted the modification of sentence to correctly reflect the credit for time served and denied the motion for judgment of acquittal.  This appeal followed.[3]

In his sole issue on appeal, Reyes argues his sentence is illegal because the effective date of the sentence in the present matter was to be imposed consecutively to a sentence that had not yet been imposed at Docket No. 684-2015.  **See** Reyes' Brief at 10.

By way of background, with respect to Docket No. 684-2015, Reyes was convicted of retail theft and receiving stolen property.  **See** N.T., 10/15/2018, at 5.  He was sentenced to 11½ to 23 months' incarceration, followed by three

---

[2]  The jury found him not guilty of possession of drug paraphernalia.  **See** 35 P.S. § 780-113(a)(32).

[3]  On November 8, 2018, the trial court ordered Reyes to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Reyes filed a concise statement on November 21, 2018.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 27, 2018.

years probation. Reyes was then paroled, which expired on November 20, 2017. Thereafter, at the time of sentencing in the present matter, he was serving the probation portion of his sentence. A detainer for a probation violation had been entered at Docket No. 684-2015, but a **Gagnon II**[4] hearing had not been scheduled.[5]

Relying on **Commonwealth v. Holz**, 397 A.2d 407 (Pa. 1979), Reyes states:

> Here, the sentencing court correctly avers that there was a judgment of sentence already imposed at [Docket No. 684-2015] since [] Reyes was currently on probation at that docket. Under the trial court's description of the sentence it imposed, the sentence was valid because it was made consecutive to a sentence of probation that had been previously imposed. Even if it was the intent of the court to sentence [] Reyes consecutively to a previously imposed sentence of probation, the sentence is violative of Pa.R.Crim.P. 705(A) because the date at which the sentence is to commence is indefinite, the date was not stated on the record as required by R[ule] 705(A), and such a sentence ignores the fact (which the court was made aware of) that [] Reyes was subject to re-sentencing as a result of the probation violation

---

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[5] Reyes avers:

> On November 2, 2018, the **Gagnon II** hearing was held in the docket at which [] Reyes' post-verdict sentence was to be made consecutive, CP-06-CR-684-2015, for a violation of probation due to the new arrest and conviction. The **Gagnon II** hearing was in front of a different judge, the Honorable Judge Benjamin Nevius. After hearing, [] Reyes received a sentence of six (6) to twenty-four (24) months in a State Correctional Facility, effective the same day, with credit for eighteen (18) days served.

Reyes' Brief at 7 (footnote omitted).

detainer lodged against him for a new arrest and subsequent conviction (the conviction underlying this docket).

The record evinces that the sentencing court was aware of, and intended to fashion its sentence around, the future *Gagnon II* sentence rather than the previously-imposed probationary sentence.

…

While [] Reyes disputes that it was the intent of the court to sentence consecutively to the previously imposed probation rather than the future *Gagnon II* result, the sentence remains illegal under the sentencing court's formulation because to run a sentence of imprisonment consecutive to one of probation creates a myriad of issues on its own. Whether the sentence was intended to be consecutive to a previous sentence of probation or to a future sentence yet to be imposed, the issues culminate in an untenable situation for the future sentencing judge at the *Gagnon II* hearing.

Based on *Holz* and on the plain reading of Pa.R.Crim.P. 705, read in conjunction with 42 Pa.C.S. § 9757, there is no authority for a sentencing court to impose a sentence consecutive to a sentence yet to be determined or consecutively to a term of probation for which the defendant is presently subject to violation procedures. The *Gagnon II* hearing was unscheduled at the time of the October 15, 2018 sentencing. It was later held on November 2, 2018 in front of a different judge. At the time [] Reyes' sentencing was imposed on October 15, 2018, it was unknown to all parties what the result of the *Gagnon II* hearing would be (or whether it would ultimately be held). Therefore, [] Reyes received an indefinite sentence.

…

Under the trial court's interpretation of the sentence here, at the moment of sentencing on October 15, 2018, [] Reyes was sentenced to a term of imprisonment consecutive to a term of probation. At this point, his credit for time served would cease tolling until the unscheduled *Gagnon II* would be held. While overwhelmingly unlikely, it was nevertheless possible that [] Reyes' detainer would be lifted and the *Gagnon II* hearing cancelled. In that event, [] Reyes would have no longer received

- 4 -

credit for time served after his October 15, 2018 sentencing date; and his sentence would have been in flux because it would be a term of state imprisonment to be served consecutive to a term of probation. (To fulfill all of the active sentencing orders, the absurd result would be that [] Reyes would have to be released to serve out his probation before reporting for State Confinement). Likewise, if the **Gagnon II** hearing was delayed for unforeseen reasons, [] Reyes would face further uncertainty as to the ultimate outcome of his sentence here because of the consecutive nature of the sentence.

Reyes' Brief at 12-16 (citations and footnotes omitted).

With respect to a legality of sentencing argument, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa. Super. 2014). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014).

"When imposing a sentence to imprisonment, the judge shall state the date the sentence is to commence. " Pa.R.Crim.P. 705(A). "When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively." Pa.R.Crim.P. 705(B).

In **Holz**, **supra**, a jury convicted the defendant of numerous offenses related to an incident involving the rape and robbery of a couple at gun-point in Montgomery County. **Holz**, 397 A.2d at 407. The court sentenced the defendant to two concurrent ten-to-20 year sentences and two concurrent two-and-one-half to five year sentences. **Id.** at 407-408. These sentences

were to run consecutively to a probation violation sentence, which the defendant was then serving, and consecutively to a sentence in an unrelated homicide case in Philadelphia County, for which the defendant had been convicted but not yet sentenced. *Id.* A panel of this Court affirmed the judgment of sentence. *Id.* The defendant then filed a petition for allowance of appeal, which the Pennsylvania Supreme Court granted. The issue was whether "the trial court erred when it sentenced him to serve a term of imprisonment to run consecutively with a judgment of sentence which had not yet been imposed" in the unrelated homicide case. *Id.* at 408.

The Supreme Court interpreted the predecessor to Rule 705, Pa.R.Crim.P. 1406 (former), to bar a court from ordering a sentence run consecutively to a sentence that had not yet been imposed. *Id.* The Court stated: "If there is no prior sentence, there is nothing for the instant sentence to run concurrent with or consecutive to." *Id.* The Supreme Court modified the judgment of sentence and struck "from it that portion ordering [the defendant's] sentence to run consecutive to the sentence yet to be imposed in Philadelphia County." *Id.*

Here, the trial court found the following:

[U]nlike in *Holz*, [Reyes] was sentenced to three years of probation at Docket No. 684-2015, which warrants that a judgment of sentence was imposed. Also, this Court made clear that the sentence shall run consecutively as evidenced by this Court's sentencing order and the transcript from [Reyes'] sentencing hearing. Whether or not [Reyes] is subject to resentencing at Docket No. 684-2015 Count 2, Part 2, in the future does not change the fact this Court's sentence was to run

> consecutively with a previously imposed sentence. As this Court's sentence is warranted by Pa.R.Crim.P. Rule 705(B), this Court did not impose an illegal sentence.

Trial Court Opinion, 11/27/2018, at unnumbered 2 (citation omitted).

We agree with the trial court's conclusion and find Reyes' argument on *Holz* is misplaced. The *Holz* Court held that a court could not order a sentence to run consecutively to a sentence that had not yet been imposed. Here, there was a judgment of sentence with respect to the case at Docket No. 684-2015 – he received a term of incarceration and a consecutive term of probation. While Reyes was at a juncture in his judgment of sentence at Docket No. 684-2015 where he faced the imposition of a re-sentence on the probation portion of his sentence because he violated the terms of his probation due to the conviction at issue, there was still a judgment of sentence that had already been imposed. As such, the consecutive sentence imposed in the present matter to the sentence at Docket No. 684-2015 is congruent to the decision in *Holz*. While Reyes would like this Court to analyze otherwise, he has not presented any authority that precludes a court from imposing a consecutive sentence to a re-sentence on the probation portion of a judgment of sentence. Moreover, his hypotheticals regarding the outcome of that re-sentencing proceeding do not persuade us. Accordingly, we conclude the trial court did not impose an illegal sentence and Reyes' argument fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/3/2019