J-S27007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY C. RAINS :
:
Appellant : No. 3248 EDA 2024

Appeal from the Judgment of Sentence Entered July 2, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0006388-2022

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 21, 2025**

Appellant, Anthony C. Rains, appeals from his judgment of sentence of
6-12 years' imprisonment for persons not to possess firearms, 18 Pa.C.S.A. §
6105 entered in the Court of Common Pleas of Montgomery County
("Montgomery County court"). The Commonwealth asserts that Appellant's
sentence is illegal. We agree, and we remand for resentencing.

On January 23, 2021, Upper Merion police responded to a report of a
male individual bleeding in a women's dressing room inside a Nordstrom
department store in the King of Prussia mall. The individual had left the store
by the time the police arrived, leaving behind a blood-stained sweater and a
loaded handgun. The police later identified Appellant as the person who had
entered the dressing room. Appellant was subsequently arrested and charged
with, *inter alia*, a violation of Section 6105.

_____

* Former Justice specially assigned to the Superior Court.

In November 2023, Appellant entered open guilty pleas in two criminal cases in the Court of Common Pleas of Philadelphia County docketed at CP-51-CR-00067700-2021 and CP-51-CR-0006732-2021. The Philadelphia court continued sentencing in these cases until a later date.

On December 15, 2023, Appellant entered a negotiated guilty plea on the Section 6105 charge in the Montgomery County court. The remaining charges against Appellant were *nolle prossed*.

During Appellant's guilty plea hearing in Montgomery County, the parties agreed that his Montgomery County sentence would run concurrently with his Philadelphia sentence. The Commonwealth placed the terms of Appellant's Montgomery County guilty plea on the record as follows:

> [Appellant] is pleading guilty to Count 1, person not to possess a firearm. It's a felony of the first degree. We are deferring sentence, but we have an agreement at the time of sentence to a six to twelve year sentence that should run concurrent with disposition in his Philadelphia case. He is to forfeit the gun to the District Attorney's Office at the time of sentencing.

N.T., 12/15/23, at 3. The trial court accepted Appellant's guilty plea after a full colloquy.

At the time of Appellant's guilty plea in the Montgomery County case, he remained unsentenced in the Philadelphia cases. The Montgomery County court agreed to defer sentencing to allow sentencing in the Philadelphia cases to take place first.

Following Appellant's guilty plea in Montgomery County, however, the Philadelphia court repeatedly postponed sentencing in the Philadelphia cases.

- 2 -

As a result, the Montgomery County court scheduled, but then continued, sentencing on four dates between January 2024 and June 2024.

On July 2, 2024, the Montgomery County court decided to proceed with sentencing even though the Philadelphia court had not yet imposed sentence. The Montgomery County court justified its decision as follows, "Unfortunately, as multiple continuances of the sentencing in his Philadelphia Case occurred, the court determined that it could not indefinitely delay his sentencing in the instant matter while waiting for the Philadelphia Case to be finalized." Pa.R.A.P. 1925 Opinion, 4/18/25, at 4.

On July 2, 2024, the Montgomery County court sentenced Appellant to the agreed-upon term of 6-12 years' imprisonment, stating:

> The Court will effectuate the agreement of the parties, the intent which is six to twelve years concurrent to Philadelphia. If, in fact, the defendant is ever sentenced in Philadelphia, which the Court questions whether that will ever occur, the Court will retain jurisdiction by agreement of the parties to effectuate the purpose of the agreement which is for it to be concurrent to Philadelphia … I'm stating on the record that this will be concurrent to any Philadelphia sentence, okay, as soon as it happens while I'm on the bench over the next seven years.

N.T., 7/2/14, at 4, 6.

Appellant moved to withdraw his guilty plea at sentencing and in a timely post-sentence motion. On November 4, 2024, the Montgomery County court denied Appellant's post-sentence motion. Appellant timely appealed to this Court, and both Appellant and the Montgomery County court complied with Pa.R.A.P. 1925.

- 3 -

The Philadelphia docket reflects that on August 14, 2025, the Philadelphia court sentenced Appellant to an aggregate term of imprisonment of 15-30 years' imprisonment in the Philadelphia cases.[1] The Philadelphia dockets do not make any reference to the Montgomery County case.

Appellant raises a single issue in this appeal, "Whether the Sentencing Court abused its discretion in denying the Appellant's Motion to Withdraw his Guilty Plea?" Appellant's Brief at 5. Appellant requests in his brief that the judgment of sentence be vacated and the case remanded for a new sentencing hearing or trial.

The Commonwealth requests in its brief that we vacate Appellant's sentence and remand with an instruction to resentence Appellant after he is sentenced on his open plea in Philadelphia.[2] The Commonwealth asserts that the Montgomery County court imposed an illegal sentence, because it could not order its sentence to run concurrently to another sentence that did not yet exist. Resentencing, the Commonwealth adds, will give Appellant the full

_____

[1] We take judicial notice of this sentence. ***See Commonwealth v. Taylor***, 137 A.3d 611, 617 n.1 (Pa. Super. 2016) (*en banc*) (holding, in criminal case, that "the trial court would be permitted to take judicial notice of any prior violations and convictions. ***See Commonwealth v. Brown***, 839 A. 2d 433, 435 (Pa. Super. 2003)("A court may take judicial notice of an indisputable adjudicated fact."); ***see also*** Pa.R.E. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

[2] The Commonwealth filed its brief one month before Appellant was sentenced in Philadelphia.

benefit of his plea bargain by ensuring that he receives a sentence that runs concurrently with his Philadelphia sentence.

This Court may address the legality of Appellant's sentence *sua sponte*, and our standard of review is *de novo*. ***Commonwealth v. Hill***, 238 A.3d 399, 407, 409-10 (Pa. 2020).

Appellant's sentence is illegal. In ***Commonwealth v. Holz***, 397 A.2d 407 (Pa. 1979), the defendant was convicted of separate crimes in Montgomery and Philadelphia County. He was sentenced in Montgomery County first, and his sentence stated that it would run consecutive to his not-yet-imposed Philadelphia sentence. Our Supreme Court found that the Montgomery County court erred by sentencing the defendant to serve a term of imprisonment consecutive to a sentence that had not yet been imposed. At the time, Pennsylvania Rule of Criminal Procedure 1406(a) said in relevant part, "[W]henever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise." The Supreme Court explained, "[Rule 1406's] use of the plural 'such sentences . . .' presupposes the existence of a prior sentence when a present sentence is imposed on a defendant '. . . incarcerated for another offense.' If there is no prior sentence, there is nothing for the instant sentence to run concurrent with or consecutive to." ***Id.*** at 408.

Rule 1406 was later renumbered as Pa.R.Crim.P. 705, the rule in effect today. Rule 705(b) is slightly different from Rule 1406 but not materially different for purposes of this case. Rule 705 provides in relevant part, "[W]hen a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively." Pa.R.Crim.P. 705(b). The phrase "who is sentenced for another offense" is consistent with *Holz's* holding that a sentence must already be in place before another sentence can run consecutive or concurrent to it. *See Commonwealth v. Lua*, 332 A.3d 125, 131 (Pa. Super. 2025) ("Rule 705(B) also applies if, at the time of sentencing, the defendant has already been sentenced for an unrelated criminal offense"). Thus, we hold that *Holz* continues to remain good law.

The Commonwealth states, and we agree, that Appellant's Montgomery County sentence is illegal under *Holz*, because the Montgomery County court made Appellant's sentence run concurrently with another sentence that was not yet in place. Accordingly, we vacate Appellant's judgment of sentence and remand this case for resentencing. At resentencing, Appellant will have the opportunity to argue that the Montgomery County court should run his sentence concurrently with his Philadelphia County sentence so that Appellant receives the full benefit of his plea bargain.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/21/2025